# United States District Court, Northern District of Illinois

55-6

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 7312 | DATE | 2/26/2001 |
| CASE TITLE | | In Re: Harvey J. Waller | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The bankruptcy court's order dismissing Harvey J. Waller's petition for relief is hereby affirmed. Judgment is hereby entered against Harvey J. Waller. This case is hereby dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 27 2001 | |
| | Notified counsel by telephone. | | date docketed | 6 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| RO | courtroom deputy's initials | 01 FEB 26 PM 3:55 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) No. 00 C 7312 | **DOCKETED** |
| HARVEY J. WALLER, | ) | |
| | ) Judge Ruben Castillo | FEB 2 7 2001 |
| Debtor. | ) | |

## MEMORANDUM OPINION AND ORDER

Debtor, Harvey J. Waller ("Waller"), appeals the bankruptcy court's dismissal of his Chapter 13 petition for relief, based on its finding that Waller's unsecured debts exceeded the statutory limit for qualification as a Chapter 13 debtor. This Court has jurisdiction under 28 U.S.C. § 158(a) and FED. R. BANKR. P. 8001. Because Waller's unsecured debts exceed the statutory limit, we affirm the dismissal of Waller's petition.

### RELEVANT FACTS

On April 6, 2000, Waller filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301 *et seq*. Prior to filing his petition, Waller represented Pamela Henry as her lawyer and procured $450,000 of a judgment Henry was entitled to under her divorce decree. Henry should have received one half of this amount, *i.e.* $225,000, but Waller never tendered any funds to her. Subsequently, Henry filed a lawsuit in the Circuit Court of Cook County against Waller for legal malpractice and filed a claim with the bankruptcy court for $225,000.

In addition to the Henry lawsuit, Waller was embroiled in another case in Illinois state court because of his position as a shareholder, officer, and director of Senior Citizen's Remodeling, Inc. ("SCR"). In this lawsuit, the Cook County State's Attorney alleged that the

named defendant, SCR, which provided home repairs to senior citizens, violated the Illinois Consumer Fraud and Deceptive Practices Act, 825 ILCS 505/1 *et seq*. The judge enjoined SCR from engaging in home repairs and fined SCR and its principals, jointly and severally, $50,000 for indirect contempt of court. After Waller filed his petition for bankruptcy, two of SCR's business creditors filed claims totaling $48,697.40. An additional twenty-three claims, totaling $407,275.56, were filed by consumers who had entered into contracts with SCR for home repairs.

Excluding the above-mentioned claims, the total dollar amount of claims filed and allowed for unsecured debts pursuant to Waller's bankruptcy petition is approximately $187,993.57. If the Henry and the SCR claims are included, Waller's unsecured debts would amount to approximately $868,967.

On August 17, 2000, the trustee filed a motion to dismiss Waller's Chapter 13 petition for relief. The trustee argued that the Henry and the SCR debts must be included in computing Waller's noncontingent, liquidated debts, and thus the unsecured debt amount greatly exceeded the eligibility limit for Chapter 13 relief. Waller, however, argued that both the Henry and the SCR debts were contingent and should not be considered in determining his total unsecured debt. Specifically, Waller argued that the Henry claim is contingent because he has not been adjudged liable of malpractice. Furthermore, Waller argued that the SCR debts could not be charged against him until and unless a judicial determination was made holding him personally liable for the debts of the corporation. Waller also contended, with respect to both the Henry and the SCR consumer claims, that the amount of debt was unknown and, therefore, unliquidated. The bankruptcy judge granted the trustee's motion to dismiss on October 5, 2000. This appeal

2

followed.

## LEGAL STANDARDS

When reviewing bankruptcy court decisions, this Court acts as an appellate court. FED. R. BANKR. P. 8013. In that capacity, this Court reviews *de novo* the bankruptcy court's conclusions of law.[1]

## ANALYSIS

To be eligible for relief under Chapter 13, a debtor must have "noncontingent, liquidated, unsecured debts of less than $269,250."[2] 11 U.S.C. § 109(e); *In re Knight*, 55 F.3d 231, 234 (7th Cir. 1995). Noncontingent debts are those for which "all the events that gave rise to the debtor's liability . . . occurred prior to the filing of the bankruptcy petition." *Knight*, 55 F.3d at 236 (citing *In re McGovern*, 122 B.R. 712, 716 (Bankr. N.D. Ind. 1989)). If a debtor's noncontingent, liquidated debts exceed the statutory amount, there is cause for dismissal of the bankruptcy petition under 11 U.S.C. § 1307. *See, e.g., McGovern*, 122 B.R. at 717.

A noncontingent claim is a debt for which all of the events giving rise to liability have occurred prior to the debtor's filing a petition for bankruptcy. *Knight*, 55 F.3d at 233. Thus, there need be no future event, such as a judgment in a civil suit, before liability attaches to the debtor. *Id.* at 236. Furthermore, to be liquidated, a claim must be "readily ascertained either by reference to an agreement or through simple mathematics." *Id.* at 236 (quoting *McGovern*, 122

---

[1] District courts review the bankruptcy court's findings of fact for clear error. In this case, however, the bankruptcy court judge made no such findings in his dismissal order.

[2] Waller's secured debts do not exceed the statutory limit of $807,750 and are not at issue in this appeal.

3

B.R. at 715). In other words, an unliquidated claim is one for which the finder of fact "must rely upon its judgment to establish an appropriate amount to compensate for [the] injury." *McGovern*, 122 B.R. at 715 (internal citations omitted).

## I. The Henry Claim

The Henry claim of $225,000 should be included in calculating Waller's noncontingent, liquidated debts for purposes of his eligibility for Chapter 13 relief. This claim is based upon a legal malpractice suit filed by Henry for Waller's failure to give Henry her share of the monies Waller collected from her ex-husband. Waller's position is that, because the malpractice lawsuit is pending and, therefore, no adjudication has been made as to his liability or the amount he may owe, the Henry claim is unliquidated and contingent. While tort claims are generally not liquidated because the amount owed cannot be ascertained prior to the disposition of the lawsuit, this is not true when the amount can be easily determined. *See id.* at 716. Waller asserts that, should he be liable for malpractice, the amount owed Henry is not certain. We disagree. It is undisputed that Waller collected $450,000 on Henry's behalf and that she is entitled to 50% of those funds. Moreover, Henry filed a claim with the bankruptcy court in the amount of $225,000. And while it is feasible that Waller could be found liable for an additional amount, such as accrued interest or punitive damages, it is clear that the $225,000 is liquidated for purposes of eligibility under § 109(e).

Waller also contends that the $225,000 due Henry is a contingent claim because he has not been adjudged liable of malpractice. However, tort claims are usually noncontingent because all of the events upon which the litigation is based already have occurred. *See id.* ("[The court is] not concerned with the uncertainty that exists over whether or not the finder of fact will

4

ultimately determine that those events actually occurred and impose liability.") Because Waller had collected the money on Henry's behalf pre-petition, the claim is not contingent. Instead, Henry's action against Waller is more in the nature of a breach of contract and fiduciary obligation claim. Moreover, the fact that Waller disputes the claim and has defenses to Henry's allegations is of no import. As the *McGovern* court stated, "disputes [and] defenses . . . concerning a debt are not relevant to the question of eligibility for relief under Chapter 13." *Id.* at 717 (citing *In re Sylvester*, 19 B.R. 671, 673 (B.A.P. 9th Cir. 1982)). Therefore, because the Henry claim must be included in calculating Waller's debts for purposes of his § 109(e) eligibility, bringing his noncontingent, liquidated claims to $412,993.57, the bankruptcy court was correct in dismissing Waller's petition for relief.[3]

---

[3] The issue of Waller's liability for SCR's consumer debts was briefly discussed in the bankruptcy court hearing. (R. 5, Appellee's Resp., Ex. C, Oct. 5, 2000 Bankr. Ct. Hr'g Tr. at 7-8.) The trustee, citing the hearing transcript, asserts that Bankruptcy Judge Erwin Katz found that SCR's corporate veil had been pierced and, therefore, that Waller's liability for the SCR debts was not contingent and should be counted as unsecured debt. (*See* R. 5, Appellee's Resp. at 6 (citing Oct. 5, 2000 Bankr. Ct. Hr'g Tr. at 7).) Specifically, the trustee argues that the state court's order holding SCR and its principals jointly and severally liable for indirect contempt of court pierced the veil with respect to all of the corporate liabilities at issue. (*Id.*) The transcript of the hearing leaves questions as to whether this, in fact, accurately characterizes Judge Katz's view. To properly address this issue, we would need further information in the form of findings of fact or case law. In the appeal currently before us, however, because we have already found that Waller's other unsecured debts exceed the statutory maximum, and can affirm the bankruptcy court on that ground, we need not make a determination as to whether the SCR debts also should be counted toward Waller's total unsecured debt amount.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's order dismissing Waller's petition for relief is affirmed. The Clerk of the Court is instructed to enter judgment against Waller pursuant to Fed. R. Civ. P. 58.

ENTERED:

Judge Ruben Castillo
United States District Court

**Dated: February 26, 2001**